IRVING, J„
for the Court.
¶ 1. Reginald Joe Moss pleaded guilty to murder, kidnapping, grand larceny, and arson in the Circuit Court of Alcorn County. The court sentenced him to life for the murder conviction and to ten years for the kidnapping conviction, to run consecutively to the life sentence. For the grand larceny conviction, Moss was sentenced to five years, to run consecutively to the sentence imposed for murder but concurrently with the sentence imposed for kidnapping. Finally, on the arson conviction, the court sentenced him to three years to run consecutively to the sentences imposed for murder and grand larceny but concurrently with the sentence imposed for kidnap-ing. The court ordered that all sentences were to be served in the custody of the Mississippi Department of Corrections. After his incarceration, Moss filed a motion for post-conviction relief which the Alcorn County Circuit Court dismissed without a hearing. Aggrieved, Moss appeals and alleges the following errors: (1) his guilty plea was not knowingly and intelligently made because “he was under the influence of prescription medication that induced somnolence and lethargicism [sic] at the time of his plea hearing,” (2) the State erred in establishing venue in *951 Alcorn County, and (3) he received ineffective assistance of counsel.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. In early September of 2000, Angel Moss went to a residence in Corinth, Mississippi to visit her two children who were in the custody of her ex-husband, Reginald Moss. Renita McCormick, Moss’s sister, allowed Angel in the house so that she could visit her children. When Moss arrived at the house, he became irate because Angel was in the house and directed her to leave. At some point, Moss and Angel went to the front porch of the house to talk. Within ten to fifteen minutes, McCormick heard noises which caused her to open the front door. When she opened the door, she saw Moss standing over Angel, who had been severely beaten. McCormick saw Moss pick Angel up by her hair, draw out a pocketknife, and slash Angel’s throat.
¶ 4. Moss then put Angel in the back of his Ford Bronco truck. Moss tried to get McCormick and Regan Moss, his brother, to assist him, but neither would. Cranston Switcher, who was dating McCormick and was at the house that night, agreed to follow Moss in the Jeep Grand Cherokee that Angel had been driving.
¶ 5. Moss, with Angel in the back cargo area, drove his Ford Bronco to County Road 157 in Alcorn County, where he pulled off the highway, got out of his truck, opened the back hatch, and beat Angel with an unknown object. Moss, followed by Switcher, then drove Angel to a field somewhere in Tishomingo County. Angel’s body was transferred from the back of the Ford Bronco onto the floor of the back seat of her Jeep. The fuel line was disconnected and the Jeep was set on fire. The autopsy report indicated that Angel’s immediate cause of death was smoke inhalation from the fire.
¶ 6. Shortly thereafter, Moss told Belinda Christine Moss, his sister-in-law, about how he had beaten Angel, how he had cut her throat, and how he had loaded her body into his Ford Bronco truck. Moss went on to tell Belinda that he found a deserted field, that he transferred Angel’s body to the floor of the back seat of her Jeep, and that he set the Jeep on fire. Moss also told Belinda that he had disposed of the clothes that he was wearing on that night in a dumpster and that he had gotten rid of the knife that he used to cut Angel’s throat.
¶ 7. After being arrested and read his Miranda warnings, Moss gave a statement admitting his guilt in killing Angel.
STANDARD OF REVIEW
¶ 8. Our standard of review of a trial court’s denial of post-conviction relief is well-established. “In reviewing a trial court’s decision to deny a petition for post-conviction relief [we] will not reverse such a denial absent a finding that the trial court’s decision was clearly erroneous.” Kirksey v. State, 728 So.2d 565, 567(¶8) (Miss.1999) (citing State v. Tokman, 564 So.2d 1339, 1341 (Miss.1990)).
ANALYSIS AND DISCUSSION OF THE ISSUES

1. Voluntariness of Moss’s Guilty Pleas

¶ 9. Under this assignment of error, Moss contends that his guilty pleas were not knowingly and intelligently made because when he entered them, he “was under the influence of prescribed medication that [induced] somnolence and leth-argieism [sic].” Moss argues that the doctor who prescribed medication for him and the sheriff who dispensed the prescribed *952 medication to him “should have been called to an evidentiary hearing” to give testimony which would have provided credence to his contention.
¶ 10. We note that the trial court extensively questioned Moss to determine whether he was entering a knowing and voluntary plea. As part of the process, the court specifically asked Moss if he had taken or ingested any substance which would affect his ability to completely understand and appreciate the proceedings and the questions asked by the court. To emphasize the extent that the court went to on this particular point, we quote the following colloquy from Moss’s plea qualification hearing:
Q. Are you under the influence of any intoxicating liquor or drug of any kind?
A. No, your Honor.
Q. Is there anything about your condition or anything you have taken or ingested before you come [sic] here today that would affect your ability to completely understand and appreciate these proceedings and the questions that I’m asking you?
A. No, your Honor.
¶ 11. The above quoted statements clearly contradict Moss’s contention that he was suffering from the ill effects of prescribed medication when he entered his guilty pleas. Contrary to Moss’s assertion, there was no need to call the doctor or sheriff to an evidentiary hearing because where the petitioner’s claim “is belied by unimpeachable documentary evidence in the record such as, for example, a transcript [of his sworn testimony from his plea qualification hearing] .... no hearing is required.” Simpson v. State, 678 So.2d 712, 716 (Miss.1996). Therefore, this issue is without merit.

2. Venue

[1]

¶ 12. Moss claims that the State erred in establishing venue in Alcorn County. He argues that venue was proper in Tishomingo County because that was where Angel’s death occurred. Moss maintains that Article 8, Section 26 of the Mississippi Constitution provides that he should have been afforded “a speedy and public trial by an impartial jury of the county where the offense was committed [Tishomingo County].”
¶ 13. The resolution of this issue is controlled by Mississippi Code Annotated section 99-11-19 (Rev.2000), which states:
When an offense is committed partly in one county and partly in another, or where the acts, effects, means, or agency occur in whole or in part in different counties, the jurisdiction shall be in either county in which said offense was commenced, prosecuted, or consummated, where prosecution shall be first begun.
From the record, it is clear that the commission of Moss’s crimes began in Alcorn County. The State's offer of proof, which Moss admitted was correct, clearly established that Moss commenced his series of crimes by severely beating Angel and slashing her throat at a residence in Corinth, which is in Alcorn County. Therefore, jurisdiction was proper in Alcorn County even though Angel’s ultimate death may have not occurred there. This issue is without merit.

3. Ineffective Assistance of Counsel

¶ 14. In his final assignment of error, Moss alleges that his trial counsel *953 rendered ineffective assistance of counsel “by failing to conduct any sort of investigation into the facts surrounding the crime, deposing or preparing witnesses, and wholly failing to structure any kind of coherent theory of defense.” In order to establish a claim of ineffective assistance of counsel, Moss must meet the two-pronged test set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Mississippi Supreme Court in Stringer v. State, 454 So.2d 468, 476 (Miss.1984). According to the test, Moss must show (1) that his counsel’s performance was deficient and (2) that the deficient performance prejudiced his defense. Strickland, 466 U.S. at 687, 104 S.Ct. 2052. Moss has the burden of proving both prongs of the Strickland test. Id.
¶ 15. A review of the record reveals that Moss has failed to prove either prong of the Strickland test. The following colloquy between Moss and the court during his plea qualification hearing shows the lack of merit in this claim:
Q. Mr. Moss, are you satisfied with the legal services and advice of your attorneys, Mr. Comer and Mr. Beard?
A. Yes, your Honor.
Q. Do you believe your attorneys have properly advised you before entering these pleas and have properly represented your best interest in these cases?
A. Yes, your Honor.
Nothing in the record indicates that Moss’s trial counsel was deficient in any way. In fact, the record contains numerous motions filed by Moss’s counsel in an effort to aid his defense. Additionally, Moss’s trial counsel successfully negotiated with the district attorney’s office to get the original charge, capital murder, reduced to murder. Considering the fact that Moss had given a confession to the police in which he had admitted his guilt in Angel’s murder, his trial counsel significantly assisted Moss by negotiating a deal that helped Moss escape a possible death sentence. Such actions by trial counsel will seldom constitute ineffective assistance of counsel because:
a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel’s challenged conduct on the facts of the particular case, viewed as of the time of counsel’s conduct.... At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.
Strickland, 466 U.S. at 690, 104 S.Ct. 2052.
¶ 16. Therefore, based on the facts of the case, we find that Moss’s trial counsel did not render ineffective assistance of counsel. This issue is without merit.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF ALCORN COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ALCORN COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.

. Although Moss phrases his argument in terms of “venue,” his argument is actually based solely on jurisdiction. Therefore, we address only whether jurisdiction was proper in Alcorn County.